of America. That's 23-101. Thank you so much. May it please the court. Good morning, everyone. I'm Michael Houston for the petitioner. Before I get into the argument, I guess I want to talk about the procedural aspect of the case. Given the government's position in terms of the Magwood issue and whether or not this case should be remanded to the district court, I don't want to make sort of short shrift of the argument here. We agree that that's a remedy in this case. That we should go to the district court and we can flesh out the factual issues here. Let me actually ask for a clarification. I conceived of this as the government agreeing that an affirmation of the vacatur is appropriate of the 924C convictions and that we might clarify, for example, that a new 2255 petition would not be successive because there's an amended judgment that has been entered. And that at that point, your client could bring a new 2255 petition or motion raising the other substantive issues that you have raised potentially in this proceeding in your brief. And so it wouldn't really be a remand. It would be the start of a new proceeding. But at the same time, you have another proceeding going on, as my understanding, in another docket, another appeal of 236099 from the failure to resentence. That's correct, Your Honor. And Judge Carney, you expressed it better than I did. So we agree with what you just said and what the government has said, that we should have a new 2255 because this was not a successive petition at the district court. Wait a minute. I'm sorry. I thought Judge Carney said something a little bit different, and maybe you need to help me understand it. She seems to not be confused. I thought a new 2255 would not be successive, but the most recent one targeted the original judgment, and therefore that would be successive. So we could say you are welcome to file a new one on the amended judgment, and that one would not be successive, but we still have one in front of us that is successive. Is that? Tell me why I am wrong. If I could, I think it is my understanding that this 2255 had to do with a vacatur of the 924C counts. That was successful, and an amended judgment has been entered that we are asked to consider. You've made substantive arguments, but really, in my view, and that was appropriate because a certificate of appealability was granted to allow that successive petition to proceed on the 924C counts. And now what we have, the district court said, yes, I'm vacating the 924C, but I'm not going to consider all these other arguments that were raised in the 2255. The certificate of appealability didn't address those, and it seemed to recognize, and I'm not going to resentence. You know, there's new stuff that's going to happen, and so this is the minimum that I'm going to do. And I understand the government be saying, and we'll ask them, that they agree that there's an amended judgment that needs to be entered, and that that judgment is then susceptible to a new 2255 motion that doesn't have to demonstrate and satisfy all the requirements about successives. It's a fresh motion as to a fresh judgment. And so then other substantive arguments can be made and challenges made to what has happened below and, you know, whether those have been exhausted or not, whether there's new law, you know, all of those same barriers or, you know, pathways will emerge. But we have, like, a new proceeding based on this amended judgment is how I'm thinking of it, and I don't know if that's. . . And so we've done that. But I do agree with the government that we should. . . we have a new amended judgment and that there would be a new 2255 where we could raise these issues in that proceeding. I agree with that. But you could try to raise those issues. Yes, try to. I mean, you may be subject to other bars. That's true. But not the successive bar. That's correct, Your Honor. So, yes, it's that discreet. In terms of, you did mention the other outstanding appeal. You know, that's dealing with whether or not there was a plenary, you know, resentencing. The judge just resentenced without going into the, you know, specifics. But that has been no oral argument, and that's in its own separate procedural framework. But I do note that that does exist, and we do have that appeal going on. In fact, you could clarify one thing for me, because in your brief, you refer to what happened here as a resentencing. But I understood the district court explicitly saying, I'm not resentencing. I'm letting the sentences that were originally imposed on the remaining counts that are not disturbed here, letting that stand. That's correct, Your Honor. That's correct. Okay. Yes. Your Honor, that's basically it. I don't, you know, I would like to say more. But I do think we have an agreement with the government in terms of, you know, how the case should proceed, and that the issues that we'll be discussing, you know, will be addressed in the district court. So unless there's something specific about the other issues I raised in my brief. And your client would plan to file a fresh 2255 motion, is that correct? That's correct, Your Honor. And I would assist him. I've been assigned to represent him. Mr. Aboumezer has had, you know, many years of litigation. And that fresh one you think will be the first one, right, because it is now under a new setting, so anything dealing with the original one prior to the vacant would have been successive. Is that right? Yes. Okay. The new fresh one is not the second one. It is the first one. Yes, it is, Your Honor. Okay. Yes, because we have the new judgment. Okay. So unless there's anything else, you know, to address, I have really nothing else to say because we do have this procedural, just unusual procedural framework. Thank you. Okay. Thank you. May it please the Court. My name is Dana Rehnquist. I'm an Assistant United States Attorney in the Eastern District of New York, and I represented the government in the below filings. Judge Kearney, we agree exactly with your understanding of the case that based on the 2023 amended judgment, Messer is now allowed to file a non-successive motion under 2255. As such, we suggest this Court follow what the Court did in Davis and Johnson and transfer the case to the District Court for the limited purpose of allowing Messer to file a motion under 2255 based on the amended judgment. So that's a transfer. I have been thinking of it, okay, we affirm what he did, and then Mr. Houston can bring a new 2255 without being subject to these constraints, but you think a transfer is what's appropriate to allow the filing of the new 2255 in the same District Court? This Court in Davis and Johnson where they asked just for permission to file a successive 2255, so the posture is a little bit different. Again, the Court transferred the case back. Here I think it is appropriate to affirm Judge Block's decision because at the time Judge Block ruled on this, it was a successive 2255 motion. After Judge Block ruled on that, a new judgment was entered, and now based on that new judgment, we agree that Messer is able to file a 2255 that would not be successive. If the Court has no further questions, I will rely on it. Is there any way in which Mr. Houston characterized this agreement that you disagree with? I don't believe so, Your Honor. We both agree that a non-successive 2255 may be filed based on the new judgment. We don't want to make things more complicated, so that's why we're asking very plainly how you all think we should get this done.  Thank you, Your Honor. Thank you. I did reserve, Your Honor, but unless there's any specific questions, I'll rest on my papers. Thank you so much. We appreciate you helping us with this issue. It's a matter of revising.